IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

SUSANNE YOCHUM,  )
 )
    Plaintiff, ) No. 13-1376

V.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

**SYNOPSIS**

Plaintiff filed an application for supplemental social security income pursuant to Title XVI of the Social Security Act, 41 U.S.C. § 1381-83, alleging disability due to neuropathy, morbid obesity, diabetes, and depression. Her application was denied initially, and upon hearing. The Appeals Council denied her request for review. Plaintiff now appeals to this Court. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ erred in failing to consider Listings other than those he considered; failed to address workplace soaking of Plaintiff's hands and feet; failed to address Plaintiff's Motion for testimony of a medical expert regarding those Listings; failed to properly weigh the opinion of Dr. Platto, a pain doctor; asked the vocational expert ("VE") a hypothetical that did not account for all of her impairments; and erroneously stated that she had no end-organ damage.

2

Plaintiff first suggests that the ALJ should have considered "other Listings including 11.14," which addresses peripheral neuropathies. That Listing requires "a significant and persistent disorganization of motor function in two extremities, resulting in a sustained disturbance of gross and dexterous movements, or gait and station, in spite of prescribed treatment." 20 C.F.R. § 404. If the evidence does not support a Listing, then the failure to mention or specifically reject that Listing is not error. See, e.g., Temkin v. Astrue, 2011 U.S. Dist. LEXIS 369, at *34 (E.D.N.Y. Jan. 4, 2011). Here, I agree with Defendant that there is substantial evidence of record that Plaintiff did not meet the requirements of the Listings that Plaintiff identifies; Plaintiff, for example, points to no evidence regarding persistent disorganization of motor function.[1] Accordingly, the ALJ's approach does not constitute grounds for remand or reversal. Relatedly, Plaintiff argues that the ALJ erred in failing to seek medical expert testimony regarding whether Plaintiff met the Listings. It is well-established that such a decision is within the ALJ's discretion. Under the circumstances of this case, I find no grounds for concluding that the ALJ abused that discretion.

Second, Plaintiff takes issue with the ALJ's treatment of the opinion of Dr. Platto, a pain doctor, which the ALJ afforded no weight. In support of her argument, Plaintiff points out that Dr. Platto was consulted during her hospital stay on July 7, 2010, and thus should be deemed a treating physician. The ALJ specifically discussed Dr. Platto's opinion, offered on April 25, 2012, that Plaintiff appeared capable of sedentary work, with various limitations. The ALJ gave the opinion no weight, because of the absence of a treating relationship and the lack of any objective medical evidence or findings to support Dr. Platto's residual functional capacity assessment ("RFC"). A treating physician is one with whom a patient has an "ongoing treatment

---

[1] Plaintiff points to no other specific Listing that should have been considered, and I decline to comb applicable regulations and the record to make that determination on her behalf.

relationship"; the phrase refers to a doctor that the patient has seen "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." 20 C.F.R. § 404.1502. Plaintiff offers neither evidence nor argument suggesting that her relationship with Dr. Platto falls into this category. In any event, medical opinions that are not supported by the record as a whole needn't be given great weight. Greenbaum v. Barnhart, 229 Fed. Appx. 77, 80 (3d Cir. Pa. 2007). Here, Dr. Platto's 2012 letter consists of an unadorned statement of residual functional capacity. Moreover, the July 7, 2010 consultative exam to which Plaintiff refers showed "essentially a normal EMG nerve conduction study," and does not contain objective findings that support Dr. Platto's 2012 RFC. While an ALJ is required to consider all relevant evidence, he need not refer to every relevant treatment note. See Sharp v. Astrue, 228 Fed. Appx. 228, 230 (3d Cir. Pa. 2007). That the ALJ did not specifically refer to Dr. Platto's July, 2010 examination does not mean that he overlooked it. Indeed, his decision makes clear that he considered the records of her July, 2010 hospital admission, including the studies performed by Dr. Platto.

Third, Plaintiff challenges the ALJ's treatment of the alleged requirement that she soak her hands and feet in order to make them numb. The ALJ asked the VE about that limitation, but did not include it in his RFC. Plaintiff proffers that "a search of the internet" reveals that her practice of soaking her hands and feet in ice water to numb them is an appropriate treatment for relief of neuropathy. However, neither the ALJ nor the Court is required to consider websites located by Plaintiff's counsel; nor must an RFC account for pain relief measures merely because they are reasonable or appropriate. Although Dr. Platto stated that Plaintiff must soak her hands and feet, the ALJ did not improperly reject Dr. Platto's opinion. The ALJ must only look to the evidence of record before him, and determine which impairments are supported by that evidence.

4

See Money v. Barnhart, 91 Fed. Appx. 210, 213 (3d Cir. Pa. 2004). Here, the ALJ did not err in his approach to the soaking of Plaintiff's hands and feet.

Fourth, Plaintiff argues that the ALJ erred in finding no end-organ damage as a result of her diabetes. Plaintiff points to the fact that the visual acuity in her left eye was 20/200 on February 21, 2012. In support of her argument, Plaintiff states, summarily, "[s]omething caused her to go blind in her left eye. There is an extremely high probably [sic] that this was caused by the diabetes." She points to no evidence, medical or otherwise, that would support this argument. To the contrary, Defendant points out that in April, 2012, Dr. Eisley noted that Plaintiff's impairments did not affect her vision. The ALJ did not err in this regard. The ALJ's conclusion about end-organ damage was not improper.

As a final matter, Plaintiff argues that an April 25, 2012 letter from Dr. Platto to Dr. Eisley, regarding a referral for a disability examination of Plaintiff, is "new and material" evidence requiring remand. Plaintiff obtained the letter after the April 17, 2012 hearing before the ALJ, but after the ALJ's May 3, 2012 decision, and presented the letter to the Appeals Council.[2] I will assume that Plaintiff has demonstrated good cause for failing to present this letter to the ALJ; nonetheless, it does not constitute "new and material evidence."

"Material" means that the evidence creates a reasonable probability that the new evidence would have changed the ALJ's decision. Dwyer v. Colvin, 2014 U.S. Dist. LEXIS 128135, at *36 (M.D. Pa. Sept. 12, 2014). The letter at issue contains no firm diagnosis; instead, it records Plaintiff's subjective complaints, reiterates Dr. Platto's earlier RFC statement, and renders hedged impressions of "probable" fibromyalgia, "possible mild neuropathy"; and that despite normal EMG testing, "she may have a very mild small fiver sensory polyneuropathy…not

---

[2] The Appeals Council must consider new and material evidence, but need only grant review if the Council finds the ALJ's decision "contrary to the weight of the evidence currently of record." Matthews v. Apfel, 239 F. 3d 589 (3d Cir. 2001).

detectable on EMG testing." In light of the other evidence of record, Dr. Platto's post-hearing letter does not require remand.

## CONCLUSION

In sum, the ALJ's decision was supported by substantial evidence. Although I empathize with Plaintiff's difficult physical condition, my role is limited to a deferential review of the ALJ's decision; I am not permitted to re-weigh the evidence. Accordingly, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 30th day of October, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is GRANTED, and Plaintiff's DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

U.S. District Court